United States District Court
District of Minnesota
Third Division

[redacted] Jr., [redacted]

Plaintiffs,

v.

The Pepsi Bottling Group, Inc.,

Defendant

Court File No. 99-CIV-1136 DWF/AJB

**ORDER ON MOTION TO CONSOLIDATE**

---

Jerry Callicutt, David Gordon, Gentry McQuiston, D'Andre O'Neal and Craig Poindexter,

Plaintiffs,

v.

The Pepsi Bottling Group, Inc.,

Defendant

Court File No. 00-CIV-95 DWF/AJB

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiffs' motion to consolidate. On June 28, 1999, five current and former employees of the Pepsi Bottling Group (PBG) in Burnsville, MN filed a suit against their employer, alleging various forms of racial discrimination. This is the "Dotstry" suit. Four of the plaintiffs are African American, and one is Native American. Four of the plaintiffs are or were route salesmen, and one was a warehouse worker. The route salesmen generally alleged that they were subject to racial slurs, jokes, graffiti, and threats from coworkers; they were assigned less profitable sales routes than white

FILED AUG 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

salesmen; they were assigned sales routes which brought them into contact with racist customers; their trucks were vandalized and sabotaged; secret surveillance cameras were placed in their trucks. The warehouse worker alleged that he was subject to unfair and excessive discipline; he was forced to work in a segregated work environment; he was subject to racist jokes and statements from coworkers.

A second lawsuit against PBG was initiated on January 14, 2000 by five current and former African American PBG employees. This is the "Callicutt" lawsuit. All of the plaintiffs in this suit are or were warehouse workers. One also worked as a janitor, and one also worked as a merchandiser. Three of the plaintiffs were temporary employees whom PBG had hired through a temporary employment agency. The plaintiffs in this case allege that they were subject to unfair and excessive discipline based on race; they were subject to racist statements, slurs, jokes, and harassment from coworkers; they were forced to work in a segregated work environment; they have been subject to racially discriminatory hiring and promotion policies.

Plaintiffs in these two cases now seek to consolidate them. The Court will consider consolidation only when the cases at issue involve a common question of law or fact. Powell v. NFL, 764 F.Supp. 1351, 1359 (D. Minn. 1991). Where a common question exists, the Court has broad discretion to weigh the competing interests and determine whether consolidation would serve the interests of judicial economy and fairness. See Id. Plaintiffs bear the burden of demonstrating not only that these cases are eligible for consolidation, but also that consolidation would "promote judicial convenience and economy." Id. The 8th Circuit has instructed the Courts that consolidation is inappropriate if it would result in "inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). Among

the factors that bear on this determination are whether consolidation would delay resolution of the cases, and whether the common questions are central or peripheral to the litigation. See In Re Consolidated Parlodel Litigation, 182 F.R.D. 441, 444 (D. N.J. 1998); Henderson v. National Railroad Passenger Corp., 118 F.R.D. 440, 441 (N.D. Ill. 1987). The Court finds that consolidation is not appropriate in this case.

These cases do not contain any central common questions of law or fact. One Callicutt plaintiff, D'Andre O'Neal, was hired in May of 1999, one month before the Dotstry case was filed. All of the other Callicutt plaintiffs were hired after the Dotstry litigation began. The loaders and route salesmen allege the harassing conduct against entirely different sets of coworkers. While the plaintiffs all allege similar types of discrimination and harassment, this is not sufficient to demonstrate common questions of fact in the absence of any real overlap between the allegations of each set of plaintiffs. Consolidation is not appropriate where the cases involve similar claims arising out of different factual circumstances. Henderson , 118 F.R.D. at 441. Plaintiffs argue that their job functions are "closely interrelated." Plaintiffs' memorandum at 4. However, to the extent that these cases do not arise out of the same set of facts, the relatedness of plaintiffs' job functions is not relevant to this inquiry.

Plaintiffs argue that a common question exists in the cases because they "allege serial incidents in a connected pattern," and will offer "mutually reinforcing" testimony. Plaintiffs' memorandum at 5. They cite E.E.O.C. v. HBE Corp., 135 F.3d 543 (8th Cir. 1998), in which two cases were consolidated in part because each plaintiff presented evidence of "a climate of racial hostility" in their workplace. Id. at 551. However, the two cases involved in E.E.O.C. arose from a closely related set of facts. The Court noted that the same "evidence was relevant to

establish both why Helms was fired and why Ey had a reasonable belief that it was because of racial discrimination." Id. Such is not the case here. No single set of facts is of central importance to both of these cases. As noted above, each case centers on different conduct, different periods of time, and, for the most part, different coworkers. Any overlap between the allegations of the Dotstry plaintiffs and the Callicutt plaintiffs is peripheral to the respective litigations. While plaintiffs do allege all complaints against PBG, the existence of similar allegations against a common defendant does not justify consolidation in the absence of central common questions of law or fact. See Curtis v. Das, 1990 W.L. 44562, 2 (N.D. Ill.); Henderson, 118 F.R.D. at 441.

Considerations of efficiency and judicial economy also cut against consolidation. The Dotstry case will be ready for trial ten months before the Callicutt case. Consolidation would mean delaying Dotstry for nearly a year. In addition, consolidation would require the Court, and a jury, to untangle the claims of each of the ten defendants, many of whose allegations are entirely disparate. The Court will not thrust this task upon a jury without some compelling justification for doing so. Consolidation would promote neither judicial convenience nor economy, and would be both inconvenient and inefficient. Plaintiffs' motion to consolidate is **DENIED**[1].

Dated: 8/10/00

Arthur J. Boylan
United States Magistrate Judge

---

[1]Plaintiffs apparently wish to add Samuel Winchester, another former PBG employee, to this litigation. However, in light of the fact that the motion to consolidate has been denied, and plaintiffs have made no formal motion to amend the complaint to add a party, the Court has not reached the question of whether Mr. Winchester may be added.